UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

Case No.  CV 11-08077-JVS                                    Date  June 15, 2012

Title  In Re: Gordon Bijelonic

Present: The Honorable   James V. Selna

| Adrianna Gonzalez | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   (IN CHAMBERS) ORDER Affirming the Bankruptcy Court's Order

Debtor-Appellant Gordon Bijelonic ("Bijelonic") appeals an order entered by the Bankruptcy Court converting his case from Chapter 11[1] to Chapter 7. The appeal is unopposed. The United States Trustee has filed a notice of non-participation in the appeal. (Docket No. 3.) While a Chapter 7 trustee has been appointed in the underlying case when it was converted, that trustee was not named as an appellee and has not appeared. For the following reasons, the Bankruptcy Court's order is AFFIRMED

I.   BACKGROUND

On April 27, 2011, Bijelonic filed a petition for relief under Chapter 11. (Petition, Bankruptcy Court ("BC") Docket No. 1.)[2] On May 6, 2011, the Bankruptcy Court issued an "Order Setting Scheduling and Case Management Conference" for July 27, 2011 at 11:30am. (First Conf. Setting Order, Docket No. 7.) In that order, the Bankruptcy Court listed several actions that it would possibly take at the conference without further notice based on the records and evidence before it at the time. (Id.) This included dismissal of the case, conversion of the case to one under another chapter, and setting of deadlines for

---

[1]Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532 and to the Federal Rules of Bankruptcy Procedure 1001-9037.

[2]The underlying case is numbered 2:11-bk-28399 RK. Additionally, Bijelonic has filed a second petition under Chapter 11, case number 2:12-bk-21104 RK ("'12 Case BC"). This case is currently subject to an order to show cause and a motion to dismiss for abuse. ('12 Case BC Docket Nos. 11, 38.) The hearing on the order to show cause why the cause should not be dismissed for failure to have a valid bankruptcy purpose is currently set for July 24, 2012. ('12 Case BC Docket No. 36.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  CV 11-08077-JVS                                Date  June 15, 2012

Title      In Re: Gordon Bijelonic

different filing requirements.  (Id.)  It also directed the debtor and the debtor's counsel to appear in person at the status conference and that ten days before the status conference or any continued status conference that the debtor file a case status conference report and serve it on certain parties.  (Id.)

      Bijelonic filed his first status report on July 21, 2011, six days prior to the status conference.  (BC Docket No. 26.)  On July, 25, 2011, Bijelonic filed an application to employ counsel, and on July 26, 2011, he filed a supplemental status report and motion to use cash collateral.  (BC Docket Nos. 27, 30.)

      On July 27, 2011, a status conference was held and the Bankruptcy Court directed Bijelonic to file a new status report by August 17, 2011.  (Aug. 24, 2011 Transc. 1:4-7, BC Docket No. 58.)  It set a continued status conference for August 24, 2011 and directed Bijelonic's counsel to provide notice.  Bijelonic filed notice on August 3, 2011 indicating a hearing time of 1:30 pm, but he acknowledges that the correct time was 11:30 am.  (Opening Brief 4, Docket No. 13.)

      Bijelonic did not file a new status report by August 17, 2011 or any time thereafter.  On August 23, 2011, he filed an amended motion to employ counsel and an amended motion to use cash collateral.  (BC Docket Nos. 36, 37.)  On August 24, 2011, the Bankruptcy Court held a status conference at 11:30 am.  Neither Bjielonic nor his counsel was present.  (Aug. 24, 2011 Transc. 2:15-18.)  Bijelonic represents that his counsel was in the building at the time, but believed the conference was occurring at 1:30 pm.  (Op. Br. 4.)  The U.S. Trustee representative was present.  (Aug. 24, 2011 Transc.Cover Page.)

      At the conference, the Bankruptcy Court noted that the case had been filed four months ago and that no counsel had yet been employed and there was no record of notice being provided for the motion to employ counsel.  (Aug. 24, 2011 Transc. 1:11-15.)  Further, it noted the failure to file a status report by August 3, or any time in the 3 weeks from that time to the status conference.  (Id. at 1:16-18.)  Finally, it noted the failure of debtor or counsel to appear at the status conference.  (Id. at 2:15-18.)  The Bankruptcy Court stated that "filing an amended application [to employ counsel] the day before a status conference and not filing the status report is unacceptable" and that "[i]t's also unacceptable this case is four months old and no counsel has even been employed at this point."  (Id. at 2:15-18; 2:13-25.)  The Bankruptcy Court then converted the case to Chapter 7 on those bases. (Id. at 2:20-21.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-08077-JVS | Date | June 15, 2012 |
|---|---|---|---|
| Title | In Re: Gordon Bijelonic | | |

The U.S. Trustee prepared a written order converting the case and the Bankruptcy Court signed and filed the order on September 9, 2011.  (Conv. Order 1, BC Docket No. 45.)  The order refers to finding good cause "for the reasons set forth on the record." (Id.)

Bijelonic then filed his notice of appeal.  His presented issues are whether the Bankruptcy Court abused its discretion in converting the case, whether the debtor substantially complied, and whether certain other steps should have been take prior to conversion.  (Op. Br. 1.)  The hearing for the appeal was eventually set for June 11, 2012.  He timely filed his opening brief and a reply brief noting the lack of opposition.  (Id.; Rep. Br. 1, Docket No. 15.)

II.  LEGAL STANDARD

This Court has jurisdiction to consider this bankruptcy appeal under 28 U.S.C. § 158(a).  Federal Rule of Bankruptcy Procedure 8013 provides that "[o]n an appeal the district court or bankruptcy appellate panel may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings."  Fed. R. Bankr. P. 8013.

A bankruptcy court has "wide discretion" in converting a Chapter 11 case to Chapter 7.  Greenfield Drive Storage Park v. Cal. Para-Professional Servs., Inc., 207 B.R. 913, 916 (9th Cir. BAP 1997).  To determine if a bankruptcy court abused its discretion, this Court must first "determine de novo whether the [bankruptcy] court identified the correct legal rule to apply to the relief requested."  United States v. Hinkson, 585 F.3d 1247, 1262 (9th Cir. 2009) (recognized as applicable for bankruptcy appeals in In re Marciano, 459 B.R. 27, 34 (9th Cir. BAP 2011)).  Next, it must determine if the Bankruptcy Court's "application of the correct legal standard was (a) illogical, (2) implausible, or (3) without support in inferences that may be drawn from the facts in the record."  Id. (internal quotation marks omitted).  If the Court determines that the incorrect rule was applied or the application was illogical, implausible, or without support, then the Bankruptcy Court abused its discretion.  Id.

Any factual findings underlying the Bankruptcy Court's decision are reviewed for clear error.  Fed. R. Bankr. P. 8013; Lundell v. Anchor Const. Specialists, Inc., 223 F.3d 1035, 1039 (9th Cir. 2000).  Under the clearly erroneous standard, the Court must defer

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   CV 11-08077-JVS                                    Date   June 15, 2012

Title      In Re: Gordon Bijelonic

to the Bankruptcy Court's "determination unless, based on the entire evidence, [the Court] is possessed of a 'definite and firm conviction that a mistake has been committed.'" S.E.C. v. Rubera, 350 F.3d 1084, 1093 (9th Cir. 2003) (quoting Easley v. Cromartie, 532 U.S. 234, 242 (2001)). So long as the Bankruptcy Court's "view of the evidence is plausible in light of the record viewed in its entirety, it cannot be clearly erroneous, even if the reviewing court would have weighed the evidence differently had it sat as the trier of fact." Id. at 1093-94 (citing Anderson v. Bessemer City, 470 U.S. 564, 573-74 (1985)).

III.    DISCUSSION

The Court finds that the Bankruptcy Court did not abuse its discretion because it applied the correct legal standard and did not apply it illogically, implausibly, or in a way unsupported by inferences from the record. Accordingly the Court affirms the order converting the case to Chapter 7. Additionally, the Court finds sufficient notice and opportunity to present evidence was provided. This affirmance in no way expresses opinion on the merits of the pending motion to convert the case to Chapter 11 or consolidation with the Bijelonic's second Chapter 11 case.

   A.    Correct Legal Standard Used?

Section 1112 governs the conversion of a Chapter 11 case. Under § 1112(b)(1), conversion or dismissal is required if cause is established absent unusual circumstances. Additionally, the Bankruptcy Court must not convert or dismiss a cause if (1) there is a reasonable likelihood that a plan will be confirmed within a reasonable time, (2) the "cause" for dismissal or conversion is something other than a continuing loss or diminution of the estate coupled with a lack of reasonable likelihood of rehabilitation; and (3) there is reasonable justification or excuse for a debtor's act or omission and the act or omission will be cured in a reasonable time. 11 U.S.C. § 1112(b)(2).

Section 1112(b)(4) provides a non-exclusive list of examples of cause sufficient to justify dismissal or conversion.[3] Amongst those listed examples is "failure to comply

---

[3]While this case involves conversion, the standard is the same, and the choice between conversion and dismissal is also committed to the discretion of the Bankruptcy Court. Shulkin Hutton, Inc. v. Treiger, 552 F.3d 958, 960-61 (9th Cir. 2008). While one of the indicated "issues on appeal" is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   CV 11-08077-JVS                                               Date   June 15, 2012

Title       In Re: Gordon Bijelonic

with an order of the court." 11 U.S.C. § 1112(b)(4)(E). The Bankruptcy Court can convert a Chapter 11 case upon its own motion. In re Fred G. Labankoff, slip copy, 2010 WL 6259969 at *5 (9th Cir. BAP 2010) (collecting cases). When the Bankruptcy Court acts without a movant, it may rely on the record before it in determining cause. Id. at *3. If good cause is present, the petitioner must then show unusual circumstances or existence of the three enumerated conditions. Id. at *4.

     Bijelonic argues that the Bankruptcy Court "did not have sufficient cause to convert the case." (Op. Br. 4.) He does not explicitly argue that the Bankruptcy Court applied the wrong standard. (Id. passim.) Bijelonic does argue that "it must be established that conversion is in the best interests of the creditors and the estate and it must be for 'cause.'" (Op. Br. 5.) This phrasing is somewhat misleading.[4] The best interests of the creditors and estate is considered in determining which course of action to take, dismissal or conversion. In re Fred G. Labankoff, slip copy, 2010 WL 6259969 at *3 (9th Cir. BAP 2010) (citing In re Pittsfield Weaving Co., 393 B.R. 271, 274 (Bankr. D.N.H. 2008)). It is not part of the test to see if the Bankruptcy Court should undertake action at all. Id.

     Examining the Bankruptcy Court's order and the hearing transcript, the Court does not see an application of an improper legal standard. The order states the court found good cause for the reasons set forth on the record. (Conv. Order 1.) The record indicates that the Bankruptcy Court relied in part on Bijelonic's failure to comply with the Bankruptcy Court's order by not submitting a status report, by not having counsel at the conference, and not being present himself at the conference. (Aug. 24, 2011 Transc. 2:15-18.) Failure to comply with the court's order is an enumerated ground for cause. 11 U.S.C. § 112(b)(4)(E). Thus, the Court concludes the Bankruptcy Court applied the proper legal standard to determine if the case should be converted.

---

whether the Bankruptcy Court should have "given the opportunity to dismiss and correct defects," Bijelonic does not argue that the his case should have been dismissed rather than converted. He seeks to "reverse the ruling of the Bankruptcy Court and reconvert this case to Chapter 11." (Op. Br. 1, 6.) Any argument for dismissal is therefore waived. In re Sedona Institute, 220 B.R. 74, 76 (9th Cir. BAP 1998) ("We will not ordinarily consider matters on appeal that are not specifically and distinctly argued in appellant's opening brief." (internal quotation marks omitted)).

    [4]The Court does not mean to say Bijelonic intended to mislead; indeed, the language somewhat mimics the statute. See 11 U.S.C. § 1112(b)(1).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  CV 11-08077-JVS                                                          Date   June 15, 2012

Title     In Re: Gordon Bijelonic

     B.     <u>Reasonable Application of the Standard?</u>

     There appear to be three prongs of Bijelonic's argument applicable to whether the Bankruptcy Court applied the standard unreasonably–that is, did it apply the standard implausibly, illogically, or without support from inference that may be drawn from the facts in the record. Bijelonic in part appears to argue that the Bankruptcy Court made incorrect factual findings. (Op. Br. 5.) He states that the Bankruptcy Court "incorrectly found that Debtor's counsel failed to appear and a status report was not timely filed." (<u>Id.</u>) The Court notes that whether a status report was filed and whether counsel appeared are matters of fact and subject to clear error analysis. The Court finds that it is actually undisputed that no new status report was filed, that counsel was not present, and that the debtor was not present. Thus, the Bankruptcy Court did not "incorrectly f[i]nd" anything it relied on in its decision

     Bijelonic also appears to argue that by not considering if he was in substantial compliance with the Bankruptcy Court's orders or the bankruptcy procedure rules, the Bankruptcy Court abused its discretion. He lists his actions in filing schedules, the original and supplemental status report, and other documents as evidence of substantial compliance with those orders. (<u>Id.</u> at 5.) It is unclear if this is an argument that the Bankruptcy Court did not apply the proper standard because it did not also apply this more lenient standard for determining compliance with a court order, or an argument that application of the general standard was illogical, implausible, or without support in inferences that may be drawn from the record. Regardless, the Court finds no support for either proposition, indeed, Bijelonic provides none. No case is provided championing a substantial compliance standard for this specific example of "cause" under the statute. Further, the Court does not see how Bijelonic is in substantial compliance with the Bankruptcy Court's order to submit a new status report by August 3, 2011, when to this day no new status report has been filed. The statute does not indicate that compliance with orders should be measured by viewing all orders together and weighing how many the debtor is in compliance with and how many it is not. The statute is written in the singular; thus failure to comply with a single order is sufficient for cause. 11 U.S.C. § 1112(b)(4)(E). Additionally, finding Bijelonic and his counsel were not in compliance by not being present, is also not illogical, or implausible, despite the representation that his consel was in the Courthouse and ready to appear.

     Finally, Bijelonic argues that the cited reasons for conversion "are simply not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-08077-JVS | Date | June 15, 2012 |
|---|---|---|---|

| Title | In Re: Gordon Bijelonic |
|---|---|

sufficient 'cause' for such a harsh decision." (Op. Br. 5.) He cites to cases holding that failure to file monthly operating statements or failure to maintain complete financial records are insufficient grounds for cause. (Id.) None of these cases deals with the facts as presented here. In fact, the case quoted to say failure to comply with requirements for a debtor in possession under Chapter 11 is an insufficient basis for conversion and dismissal explicitly says it is dealing with grounds for "cause" beyond the enumerated list of examples. In re Matter of Crosby, 93 B.R. 798, 800 (Bankr. S.D. Ga. 1988). The Court finds that the Bankruptcy Court's application of the standard for conversion was not illogical, implausible, or unsupported by the record. Bijelonic did not comply with a court order and failure to comply with court orders is a clearly enumerated grounds for finding cause.

    C.    Due Process

Bijelonic also argues he was not given due process because there was a "denial of a prompt hearing." He argues that due process requires that a debtor have the opportunity to appear and present evidence with respect to whether there exists cause for dismissal or conversion. (Op. Br. 6 (citing In re Cricker, 46 B.R. 229, 231 (Bankr. N.D. Ind. 1985).) The cited case teaches that *sua sponte* conversion or dismissal can only be ordered "after notice and hearing at which evidence can be presented in order to provide a factual basis for the Bankruptcy Court's decision." Cricker, 46 B.R. at 231. It found the Bankruptcy Court's failure to allow evidence to be presented on the matter was reversible error. Id.

The present case is distinguishable. The Bankruptcy Court's initial order setting the scheduling conference stated that "based upon the court's records evidence presented at the conference, the court may take any of the following actions at the conference (or any continued conference) without further notice: . . . 2. Convert the case to one under another chapter." (First Conf. Setting Order 1.) The Court finds this provided sufficient notice and opportunity to present evidence to meet due process requirements.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  CV 11-08077-JVS                                  Date  June 15, 2012

Title     In Re: Gordon Bijelonic

IV.   <u>CONCLUSION</u>

For the foregoing reasons, the judgment of the Bankruptcy Court is AFFIRMED. The case shall be remanded to the Bankruptcy Court and the mandate will issue forthwith.

IT IS SO ORDERED

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | ag | | |